**LOMBARD'S INC., a Florida corporation, Plaintiff,**

v.

**PRINCE MANUFACTURING INC., a foreign corporation, and Cheesbrough-Pond's Inc., a foreign corporation, Defendants.**

**No. 84–0465–Civ–JLK.**

United States District Court, S.D. Florida.

May 3, 1984.

Lawrence R. Metsch, Miami, Fla., for plaintiff.

Scott D. Sheftall, Miami, Fla., for defendants.

## ORDER OF DISMISSAL

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the court upon the defendants' Motion to Dismiss.

The underlying facts of this law suit are that the plaintiff operates two retail establishments which sell sporting goods. In addition, the plaintiff also operates a mail order business that retails sporting goods throughout the United States. The defendant PRINCE is a sporting goods manufacturer and the defendant CHEESBROUGH–POND'S owns all the stock of PRINCE. The plaintiff alleges that because of the defendant's "superior design and market skills", the defendants have achieved a commanding position in the sporting goods field. For several years the plaintiff has purchased large quantities of tennis racquets from the defendants. PRINCE has now begun marketing two new tennis racquets but has refused to distribute these new racquets to retailers unless the retailers agree to sell the racquets only in person so that the customer can be given personal service and advice on such things as the PRINCE concept, grip size and string tension. The restrictive agreement also requires personal contact between the retailer and the purchaser so that any customer complaints can be handled in a manner conducive to the maintenance of good will.

In the complaint, the plaintiff challenges the restrictive agreement as being in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2. Specifically, the plaintiff contends that PRINCE and its parent corporation have conspired and combined to restrain trade and commerce. Beyond this conclusory contention, the complaint alleges that defendants' have implemented the restrictive agreement in order to prevent the plaintiff from selling the new racquets at a reduced price through its mail order business. The plaintiff contends that the non-price restrictions of the agreement are intended by the defendants to restrain *intra* -brand competition.

In support of the motion to dismiss, the defendants have explained that the non-

price restrictions contained in the new agreement are intended to insure good customer service as part of an overall marketing scheme. The defendants contend that the only connection alleged between CHEESBROUGH–POND'S and the ·Retail Agreement is by way of CHEESBROUGH–POND'S stock ownership of PRINCE. The defendant's argue that the complaint's conclusory allegations of a combination or conspiracy are not sufficient to satisfy the notice pleading requirement of rule 8(a) of the Federal Rule of Civil Procedure.

The defendants next argue that to properly allege an intra-enterprise conspiracy the complaint must allege something more than just separate incorporation of the parent and subsidiary. The defendants challenge the complaint in this action as having alleged only that PRINCE and CHEESBROUGH–POND'S are connected by the fact of stock ownership. The defendants contend that the plaintiffs have not alleged that "something more", such as conspiratorial statements, competition between the parent and subsidiary or. pursuit of separate economic interests in their combined refusal to trade with the ·plaintiff, which must be alleged to state a cause of action for intra-enterprise conspiracy.

The defendants' final challenge to the complaint, as it attempts to state a cause of action under Section 1 of the Sherman Act, is that the complaint attempts to state a claim for non-price vertical restraint but that the complaint does not allege significant harmful effects on interbrand competition. The defendants argue that a solitary allegation of a lessening of *intra* brand competition does not state a cause of action under the antitrust laws.

The defendants also support their motion to dismiss by arguments challenging the complaint's allegations under Section 2 of the Sherman. However, the plaintiffs now state that their claim arises only under Section 1 of the Act and that any reference in the complaint to Section 2 was inadvertent. The court agrees with the defendants that the complaint clearly states that it objects to the Retail Agreement as being

in violation of both Section 1 and 2. The plaintiffs statement restricting their claim to Section 1 will be treated as an intention to withdraw the previously stated claims of Section 2. Since the plaintiff has not moved to amend the complaint so as to remove the Section 2 claim, the court will accept the plaintiffs statement as an agreement to the defendant's motion to dismiss the Section 2 claims. On this basis, the court will grant the defendants' motion as to the Section 2 claim.

In response to the Motion to Dismiss, the plaintiff states that the defendants' Motion to Dismiss has astonishingly ignored *Monsanto Co. v. Spray-Rite Service Corporation*, —— U.S. ——, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984). However, the court does not believe that the *Monsanto* decision is of much help in addressing the Motion to Dismiss. *Monsanto* is expressly limited to the sufficiency of proof in a concerted price fixing case. The only part of *Monsanto* that is really pertinent to this case is that the Court distinguished the concerted price fixing case from the concerted non-price restriction case now before the bar. Since the plaintiff makes it clear in its Memorandum in Opposition, page 7 note 1, that this case is not now a price fixing case, *Monsanto* is not very helpful in considering this motion.

The court, having considered the memoranda of the parties, finds that it need not reach all the issues raised. The court finds that the complaint does not satisfy the standard of pleading established by *Quality Foods v. Latin Am. Agribusiness Devel,* 711 F.2d 989 (11th Cir.1983) and *City of Gainesville v. Florida Power & Light Co.,* 488 F.Supp. 1258 (S.D.Fla.1980).

The complaint does not contain a short plain statement sufficient to place the defendants on notice of what the plaintiff's claim is and the grounds upon which it rests. The plaintiff's conclusory allegation of a conspiracy to restrain trade will not survive a motion to dismiss. *Quality Foods* at 995 and *City of Gainesville* at 1263. Since the complaint fails on this ground the court need not reach the more specific questions raised by the defendants. However, the plaintiff might be well ad-

vised to consider the other issues if it should decide to amend the complaint.

Accordingly, the court does:

ORDER and ADJUDGE that the defendants' Motion to Dismiss be, and it is, GRANTED. This action is DISMISSED.